UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONIEL DON ANTOINE

VERSUS

TIMOTHY SOIGNET, ET AL.

CIVIL ACTION

NO. 25-1971

SECTION "T"(3)

## **REPORT AND RECOMMENDATION**

Plaintiff Roniel Don Antoine, a state inmate, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983 against Timothy Bergeron, Richard Lopez, Brie Boudreaux, Rhonda Ledet, and ABC Insurance Company.[1] Defendants Lopez and Boudreaux filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[2] Because defendants filed affidavits as well as the jail's surveillance footage, the Court converted the motion to one for summary judgment.[3] The parties received notice of the conversion, defendants received an opportunity to supplement their motion, and Antoine was provided with time to respond.[4] Defendants re-urged their original motion in the corrected format.[5]

Having considered the record and the applicable law, and in the light of new information about pending criminal charges, it is recommended that defendants'

---

[1] R. Doc. 4.

[2] R. Doc. 11.

[3] R. Doc. 13.

[4] *Id.* The order directing Antoine to respond to the motion was returned as undeliverable because Antoine was released from prison. R. Doc. 17.  A copy of the order was re-mailed to Antoine at an alternate address provided by defense counsel. R. Doc. 20. To date, the order has not been returned as undeliverable and Antoine has not filed a response to the motion.

[5] R. Doc. 15.

motion for summary judgment be denied without prejudice and the case be stayed.

## I.    Background

Antoine alleges that, on October 13, 2024, when he was housed at the Terrebonne Parish Criminal Justice Complex, Lieutenant Boudreaux was escorting him to lockdown as a result of a disciplinary report when she pushed him in the back and bent his wrist, causing him to pull away in pain.[6] According to Antoine, Deputy Lopez then ran up to Antoine, whose hands were cuffed behind his back, and, utilizing excessive force, pushed Antoine's face into a concrete wall and placed him in a chokehold, resulting in injuries.[7] Antoine claims that Boudreaux failed to protect him from Lopez's use of excessive force.[8]

Antoine claims that he was brought to the hospital where he was diagnosed with a "damaged right knee," a nasal fracture, and a head injury that required eight stitches.[9] Antoine claims that he has since suffered from migraine headaches, dizzy spells, nasal problems, and memory loss.[10]

Antoine submitted documents demonstrating that he was charged in a disciplinary action with defiance and aggravated disobedience, as well as other unrelated charges.[11] Antoine claimed that all disciplinary reports against him related to the October 13, 2024 incident were dismissed, and that there was no disciplinary

---

[6] R. Doc. 4 at 7; R. Doc. 8 at 5, 7.
[7] *Id.* at 5–8; R. Doc. 8 at 4, 7.
[8] R. Doc. 8 at 6, 8.
[9] R. Doc. 4 at 4, 7; R. Doc. 8 at 11.
[10] R. Doc. 8 at 7.
[11] R. Doc. 8-1 at 1–3.

hearing, officer findings, or penalties imposed.[12]

On November 6, 2025, the Court issued a partial report and recommendation recommending that:

1) Antoine's federal civil-rights claims against defendants Sheriff Soignet, Parish President Bergeron, and Warden Ledet, in their official and individual capacities, Deputy Lopez and Lieutenant Boudreaux in their official capacities, and ABC Insurance Company, be dismissed;

2) Antoine's claims for injunctive relief be dismissed; and

3) Antoine's federal civil rights individual-capacity claims against Lieutenant Boudreaux for bystander liability and Deputy Lopez for excessive force be allowed to proceed pending further development.[13]

That report and recommendation is currently pending before the District Judge. As a result, a service order was not issued. Instead, despite not being served with summons, defendants Boudreaux and Lopez filed their motion seeking dismissal of the claims against them on the grounds of qualified immunity.[14]

The submissions in connection with the motion for summary judgment indicates that the incident underlying Antoine's complaint resulted in him being criminally charged with threatening a public official or law enforcement officer and resisting an officer with force or violence.[15] The criminal charges are currently

---

[12] R. Doc. 8 at 13.

[13] R. Doc. 9.

[14] R. Doc. 15.

[15] R. Doc. 15-2 at 3; R. Doc. 15-6 at 2.

pending in case in the 32nd Judicial District Court for the Parish of Terrebonne Parish, and a trial date is presently set for August 3, 2026.[16]

Antoine's excessive force and bystander liability claims appear to be inextricably intertwined with his criminal charges, and, if he were to be convicted, would be potentially barred by the United States Supreme Court's doctrine under *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the United States Supreme Court stated:

We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486–87 (emphasis in original) (footnote omitted).

The determination of whether the *Heck* bar applies to a § 1983 excessive force claim, "is analytical and fact-intensive, requiring [a court] to focus on whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (footnote omitted). For

---

[16] R. Doc. 15-6 at 2.

example, if the factual basis for a plaintiff's excessive force claim is "temporally and conceptually distinct" from the facts underlying the crime charged, the claim would not be barred by *Heck*, and a stay would not be required. *Id.* at 498; *Hall v. Abilene's Task Force*, 681 F. App'x 422, 423 (5th Cir. 2017) (finding *Heck* barred excessive force claims because plaintiff did not assert that the officers' use of force was "temporally or conceptually distinct" from his criminal conviction and instead arose from "a continuous series of events" (citing *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656–57 (5th Cir. 2007)). On the other hand, when the excessive force claim arises from "'a single violent encounter' in which the plaintiff insists he was an innocent party," *Heck* would apply to bar the claim. *Lee v. Ard*, 785 F. App'x 247, 248 (5th Cir. 2019) (quoting *Bush*, 513 F.3d at 498 and citing *DeLeon*, 488 F.3d at 656–57)); *see Price v. City of Rayne*, No. 13-0790, 2016 WL 866945, at *3 (W.D. La. March 3, 2016) ("when there is no temporal and conceptual distinction between the factual basis for the conviction and the excessive force claim, that is, when the complained of use of force is applied during or simultaneously with the arrest, *Heck* applies." (citations omitted)).

Here, Antoine was charged with threatening a public official or law enforcement officer and resisting an officer with force or violence as a result of his actions on October 13, 2024. "Threatening a public official or law enforcement officer is engaging in any verbal or written communication that communicates a true threat to a public official or law enforcement officer." La. Rev. Stat. § 122.2(A)(1). A "true threat" is "a serious expression of an intent to commit an unlawful act of violence

upon a person or group of persons with the intent to place such persons in fear of bodily harm or death." La. Rev. Stat. § 122.2(A)(3). The offense of resisting an officer with force or violence includes elements of resisting, force or violence, and danger to the officers. La. Rev. Stat. § 14:108.2. Antoine's charges require evaluation of his actions, including his level of resistance, and the reasonableness of Lopez's actions in subduing him. Therefore, it does not appear that Lopez's use of force was "temporally or conceptually distinct" from Antoine's criminal charges. *DeLeon*, 488 F.3d at 656–57; *Arnold v. Town of Slaughter*, 100 F. App'x 321, 324 (5th Cir. 2003) (although plaintiff claimed in his § 1983 excessive force suit that he did nothing wrong or did not provoke officers and was viciously attacked for no reason, his suit was barred by *Heck* because it "squarely challenge[d] the factual determination that underlie[d] his conviction for resisting an officer."); *Walter v. Horseshoe Ent.*, 483 F. App'x 884, 887 (5th Cir. 2012) (finding plaintiffs' suit was an attack on their convictions barred by *Heck* because their "convictions for resisting arrest and their claim of use of excessive force stem[med] from a single interaction [although they] argue[d] that they did not resist arrest ... and that the force used against them was therefore excessive."); *Robertson v. Candis*, No. 24-23300, 2025 WL 2466687, at *2–3 (E.D. La. July 9, 2025) (*Heck* barred claim of excessive force where plaintiff was convicted of resisting an officer with force or violence under La. Rev. Stat. § 14:108.2), *adopted*, 2025 WL 2460247 (E.D. La. Aug. 26, 2025); *Jones v. Clogher*, No. 16-14005-JVM, 2017 WL 6372830, at *3–4 (E.D. La. Dec. 13, 2017) (same).

As stated, Antoine is currently awaiting trial on his state criminal charges. In

*Wallace v. Kato*, 549 U.S. 384, 393–94 (2007), the Supreme Court concluded that a stay is appropriate in this circumstance. In *Wallace*, the Court explained that, if a pretrial detainee files civil rights claims related to the validity of a pending criminal proceeding, the best practice is for the district court to stay the civil rights action until the pending criminal case is resolved to determine the impact of the *Heck* limitations. *Id.* at 393–94.

Given that the alleged use of force by Deputy Lopez and Antoine's subsequent injuries occurred during an ongoing series of events in conjunction with Antoine's alleged threatening and resisting of an officer with force or violence, the best exercise of the Court's discretion is to stay Antoine's claim of excessive force against Lopez so that the state courts may address the criminal charges first. *Durapau v. McLin*, No. 21-1157, 2021 WL 5493450, at *2 (E.D. La. Nov. 23, 2021) (staying excessive force case pending resolution of criminal charges, including, resisting a police officer with force or violence); *Haynes v. Zordan*, No. 25-0801, 2025 WL 2437252, at *5–6 (W.D. La. Aug. 5, 2025), *adopted*, 2025 WL 2435957 (W.D. La. Aug. 22, 2025). Antoine's claim of bystander liability against Boudreaux should similarly be stayed. *See Sampy v. Rabb*, 144 F.4th 796, 801 (5th Cir. 2025) (*Heck* bars claims of Fourth Amendment bystander liability); *Williams v. Houma Police Dep't.*, No. 20-0040, 2020 WL 4808651, at *8 (E.D. La. July 14, 2020) (stay of bystander liability claims that rested on a determination of whether other defendants acted unreasonably and used excessive force was warranted), *adopted*, 2020 WL 4785079 (E.D. La. Aug. 18, 2020).

This case should remain stayed until such time that a party files a motion to

lift stay after the completion of Antoine's criminal proceedings. Antoine will, if he files such a motion, have to show that the litigation of the claims presented in this case would not run afoul of *Heck* or that the *Heck* conditions (charges dismissed or any conviction reversed or set aside) have been met.

<u>**RECOMMENDATION**</u>

**IT IS RECOMMENDED** that Antoine's federal civil rights individual-capacity claims for excessive force against Deputy Lopez and bystander liability against Lieutenant Boudreaux be **STAYED** and the matter **CLOSED** for administrative and statistical purposes to be reopened upon properly filed motion by any party within thirty (30) days of the issuance of the state courts' final ruling or judgment on Antoine's state law criminal charges of threatening a public official or law enforcement officer and resisting a police officer with force or violence. Antoine should be instructed that failure timely to file the motion to reopen could waive his opportunity to proceed with this civil action.

**IT IS FURTHER RECOMMENDED** that defendants' motion for summary judgment based on qualified immunity, R. Doc. 15, be **DENIED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party

has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *see Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 30th day of June, 2026.


_____
**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**